JOURNAL ENTRY AND OPINION
Defendant-appellant Darryl Pettry appeals pro se in this accelerated appeal from an order of the trial court denying credit against his prison sentence for time spent in a residential drug treatment facility.
Defendant was indicted on July 10, 1995 for carrying a concealed weapon and having a weapon while he was under a disability with an accompanying firearm specification. Defendant, while represented by counsel, pleaded guilty to carrying a concealed weapon pursuant to a plea bargain, and the remaining charge was nolled. The trial court journalized defendant's conviction and referred the matter to the probation department for a presentence report.
On October 25, 1995, the trial court sentenced defendant to one year of imprisonment. The court suspended execution of the sentence, ordered defendant to serve fourteen days in county jail, and placed defendant on four years probation. The court also referred to the Treatment Alternative to Street Crimes (TASC) for evaluation and ordered him to follow their recommendations.
During the course of the next four years, defendant was found to have violated the terms of probation, six times by using illegal drugs and the seventh time for failing to report to his probation officer. In connection with the first six incidents, while the court continued his probation, defendant served periods of electronic home detention, time in the county jail, and time in a residential drug treatment facility. The September 3, 1996 order following defendant's fourth probation violation is relevant to this appeal and provided in part as follows:
 DEFENDANT CONTINUED ON PROBATION. DEFENDANT REMANDED TO COUNTY JAIL UNTIL HE CAN BE TRANSPORTED TO A RESIDENTIAL DRUG TREATMENT PROGRAM AS DETERMINED BY TASC. SHERIFF TO TRANSPORT. TO COMPLETE RESIDENTIAL DRUG TREATMENT AND AFTERCARE.
On January 31, 2000, following the seventh probation violation, the court revoked defendant's probation. The trial court ordered defendant to serve his original one-year term of imprisonment for his concealed weapon conviction and gave him credit for forty-nine days served in county jail. Defendant did not appeal from the trial court's judgment ordering him to execute his original sentence or its calculation of credit for time served.
Instead, defendant pro se filed a Motion for Jail Time Credit. Defendant's motion argued that he served ninety days in a residential drug treatment facility pursuant to the trial court's September 3, 1996 order. He argued that this time in the residential drug treatment facility constituted confinement within the meaning of R.C. 2967.191 for which the trial court was required to give him credit.
The trial court denied defendant's motion for credit, stating by journal entry as follows:
 INASMUCH AS THERE IS NO EVIDENCE THAT THE DEFENDANT'S TIME SPENT AT THE COMMUNITY ASSESSMENT FOUNDATION [CAF] WAS TIME SPENT IN A FACILITY WITH SECURITY COMPARABLE TO THAT OF A JAIL, THE MOTION FOR JAIL TIME CREDIT IS DENIED. IN ADDITION, THE COURT'S RECORD DOES NOT SHOW THAT THIS TIME SERVED AT CAF WAS OUT OF THE (ORIGINAL) CRIMINAL OFFENSE BUT RATHER SEEMS TO SHOW THAT THE PLACEMENT AT CAF WAS FOR A PROBATION VIOLATION AND FOR PURPOSES OF TREATMENT NOT PUNISHMENT. SEE, GRIFFIN AND KAT[Z], OHIO SENTENCING LAWS RCT 7.24, JAIL TIME CREDIT (1999 EDITION).
Defendant pro se timely appeals in this accelerated appeal, raising the following sole assignment of error:
 THE TRIAL COURT COMMITTED PLAIN ERROR TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN NOT GIVING JAIL TIME CREDIT FOR HIS CONFINEMENT IN THE C.A.F. FACILITY; A COMMUNITY-BASED CORRECTIONAL FACILITY.
This assignment lacks merit.
Defendant argues that the trial court improperly refused to give him credit for time served in the residential drug treatment facility. He argues that the court's failure to provide credit for this time improperly extended his original sentence. Defendant cites former R.C.2967.191, which provides as follows:
 The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence.
See also R.C. 2929.08. (Emphasis added.)
After reviewing the record, we find no error in the trial court's conclusion. The trial court examined defendant's motion to credit time spent in the residential drug treatment facility and concluded that defendant submitted no evidence concerning the amount of time he spent or the nature of the treatment program to show that it constituted confinement. Without any supporting evidence, the trial court could not have ruled in his favor and was not required to conduct a hearing on this issue.
Defendant's brief on appeal for the first time makes allegations that he was confined during the treatment program. Such assertions, however, do not constitute evidence. Moreover, it is well settled that appellate courts cannot decide appeals on the basis of information presented in a brief for the first time on appeal. State v. Ishmail (1978),54 Ohio St.2d 402, syllabus paragraph one.
Finally, defendant's brief also argues for the first time that the trial court's failure to give him credit for time spent in the residential drug treatment facility constitutes Double Jeopardy by increasing his original sentence and that denying such credit constitutes an Ex Post Facto Law. The record shows that defendant did not raise either of these arguments in the trial court. Failure to raise these constitutional arguments in the trial court waives any such claim of error on appeal. State v. Awan (1986), 22 Ohio St.3d 120, syllabus.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.